# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4514-15T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

M.E.H.,

     Defendant-Appellant.

_____

Submitted May 29, 2018 – Decided March 29, 2019

Before Judges Accurso, O'Connor and Vernoia.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 96-09-1166.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew P. Slowinski, Designated Counsel, on the brief).

Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (Izabella M. Wozniak, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

O'Connor, J.A.D.

Defendant appeals from an April 15, 2016 order denying his petition for post-conviction relief (PCR). We affirm.

I

In April 1997, defendant pled guilty to one count of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1). In September 1997, he was sentenced to a ten-year term of imprisonment with a four-year period of parole ineligibility. Defendant filed a direct appeal and we affirmed. See State v. M.E.H., No. A-7288-97 (App. Div. March 1, 2000). The Supreme Court denied his petition for certification. State v. M.E.H., 165 N.J. 491 (2000).

In May 2006, defendant was civilly committed to the Special Treatment Unit (STU) pursuant to the Sexually Violent Predator Act (SVPA), N.J.S.A. 30:4-27.24 to -27.38. Defendant appealed and we affirmed that commitment. See In re Civil Commitment of M.E.H., No. A-5923-05 (App. Div. Feb. 27, 2008). We found substantial credible evidence to support the trial court's finding M.E.H. suffered from paraphilia not otherwise specified (NOS), and was highly dangerous and likely to re-offend if released. The Supreme Court

2

denied his petition for certification. In re Civil Commitment of M.E.H., 196 N.J. 461 (2008).

In the interim, on August 20, 2008, defendant filed his first petition for PCR, claiming plea counsel had been ineffective because he advised defendant to accept the plea. Defendant alleged counsel overlooked the fact that there was no medical proof defendant had penetrated the victim, an element of the charge to which he pled guilty. See N.J.S.A. 2C:14-2(c)(1). Following an evidentiary hearing, the PCR court denied the relief defendant sought in his petition, entering an order on April 17, 2009.

Defendant appealed from the latter order. On appeal, defendant argued plea counsel had been ineffective, but he also maintained the prosecutor had failed to adhere to his duty to disclose exculpatory evidence, and that "fundamental fairness doctrines" mandated he be permitted to retract his guilty plea. We rejected defendant's contentions and affirmed the PCR court. See State v. M.E.H, No. A-4690-08 (App. Div. July 25, 2011). The Supreme Court denied defendant's petition for certification. State v. M.E.H., 209 N.J. 98 (2012).

In July 2011, the trial court conducted a review hearing to determine whether M.E.H.'s civil commitment should continue. After evaluating the

evidence, the court found defendant had a personality disorder and, as revealed during the previous commitment hearing, paraphilia NOS. Because defendant suffered from a mental abnormality or personality disorder, required treatment, had "no command over his sexual offense cycle," and was highly likely to engage in further acts of sexual violence, the court ordered defendant's continued commitment to the STU. Defendant appealed and we affirmed. In re Civil Commitment of M.E.H., No. A-5872-10 (App. Div. Feb. 11, 2014). The Supreme Court denied his petition for certification. State v. M.E.H., 219 N.J. 627 (2014).

On March 26, 2015, defendant filed his second petition for PCR, in which he alleged there had been no valid legal basis to detain and commit him after his sentence for sexual assault terminated in 2007. The record does not reveal whether PCR counsel made additional arguments in his brief. On April 15, 2016, the PCR court entered an order denying defendant's application for PCR on the grounds his second petition was time-barred, and the contentions defendant asserted in his second petition could have been raised in the first. Defendant appeals from the April 15, 2016 order.

A-4514-15T4

II

Defendant presents the following issues for our consideration in his

appeal:

POINT I:  THE PCR COURT'S DECISION SHOULD BE REVERSED AS DEFENDANT'S CONTINUED INCARCERATION UNDER THE SEXUALLY VIOLENT PREDATOR ACT CONSTITUTES THE IMPOSITION OF AN ILLEGAL SENTENCE.

(A)  DEFENDANT IS ENTITLED TO RELIEF UNDER R. 3:22-2(c).

(B)  DEFENDANT'S PETITION FOR PCR IS NOT TIME BARRED BY R. 3:22-12.

(C)  DEFENDANT'S PETITION FOR PCR IS NOT BARRED BY R. 3:22-4.

POINT II:  THE SEXUALLY VIOLENT PREDATOR ACT BURDENS THE CONSTITUTIONAL RIGHTS OF DEFENDANT TO SUCH A DEGREE THAT THE CUMULATIVE EFFECT OF THAT BURDEN IS SUFFICIENT TO REQUIRE JUDICIAL RELIEF (NOT RAISED BELOW).

(A)  THE SVPA INFRINGES ON THE EX POST FACTO CLAUSES OF THE UNITED STATES AND NEW JERSEY CONSTITUTIONS.  (U.S. CONST. ART. I, § 10; N.J. CONST. ART. IV, § 7, ¶ 3).

(B)  THE SVPA INFRINGES ON DOUBLE JEOPARDY PROTECTIONS UNDER THE UNITED STATES AND NEW JERSEY CONSTITUTIONS. (U.S. CONST. AMEND. V; N.J. CONST. ART. I, ¶ 11).

A-4514-15T4

(C)   THE SVPA INFRINGES ON THE CONFRONTATION CLAUSE OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, ¶ 10 OF THE NEW JERSEY CONSTITUTION.  (U.S. CONST. AMEND. VI; N.J. CONST. ART. I, ¶ 10).

(D)   THE SVPA INFRINGES ON THE RIGHT TO TRIAL BY JURY OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, ¶ 10 OF THE NEW JERSEY CONSTITUTION.  (U.S. CONST. AMEND. VI; N.J. CONST. ART. I, ¶ 10).

(E)   THE SVPA INFRINGES ON THE PROTECTION AGAINST SELF-INCRIMINATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AS WELL AS NEW JERSEY STATUTORY AND COMMON LAW. (U.S. CONST. AMEND. V; N.J.S.A. 2A:84A-19; N.J.R.E. 503).

(F)   THE SVPA INFRINGES ON THE PROTECTION AGAINST CRUEL AND UNUSUAL PUNISHMENT IN THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, ¶ 12 OF THE NEW JERSEY CONSTITUTION.  (U.S. CONST. AMEND. VIII; N.J. CONST. ART. I, ¶ 12).

(G)   THE SVPA INFRINGES ON DEFENDANT'S RIGHT TO EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, ¶ 1 OF THE NEW JERSEY CONSTITUTION.  (U.S. CONST. AMEND. XIV, N.J. CONST. ART. I, ¶ 11).

(H)  THE SVPA INFRINGES ON DEFENDANT'S
RIGHT TO SUBSTANTIVE DUE PROCESS UNDER
THE FOURTEENTH AMENDMENT TO THE
UNITED STATES CONSTITUTION AND ARTICLE
I, ¶ 11 OF THE NEW JERSEY CONSTITUTION.
(U.S. CONST. AMEND. XIV, N.J. CONST. ART. I, ¶
11).

(I)  THE SVPA INFRINGES ON DEFENDANT'S
RIGHT TO PROCEDURAL DUE PROCESS UNDER
THE FOURTEENTH AMENDMENT TO THE
UNITED STATES CONSTITUTION AND ARTICLE
I, ¶ 1 OF THE NEW JERSEY CONSTITUTION.
(U.S. CONST. AMEND. XIV, N.J. CONST. ART. I, ¶
11).

[J]  THE SVPA INFRINGES ON DEFENDANT'S
RIGHT TO FUNDAMENTAL FAIRNESS UNDER
THE NEW JERSEY CONSTITUTION.

Defendant filed a supplemental brief as a self-represented litigant, in which he asserts the following point:

POINT I:  ACCORDING TO CRIMINAL
PROCEDURES AND  DUE PROCESS, THE NJ
LEGISLATORS FAILED TO WRITE IN THE SVP
ACT, "FIRST" GETTING PERMISSION BY THE
ORIGINAL CRIMINAL SENTENCING JUDGE TO
EVALUATE THE PRISONER FOR COMMITMENT
WHILE HE/SHE IS SERVING THEIR CRIMINAL
SENTENCE.

We reject the contentions advanced by both defendant and his counsel as unsupported by law.

Defendant's second petition for PCR is time-barred. Rule 3:22-12(a)(2) provides that a second petition for PCR shall not be filed more than one year after the latest of:

> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
>
> (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
>
> (C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

First, defendant does not assert any constitutional right that was initially recognized by either the United States Supreme Court or the Supreme Court of New Jersey within one year of the filing of his second PCR petition. See R. 3:22-12(a)(2)(A). Second, defendant became aware of the factual predicate for the relief he seeks in his second petition when, in 2007, his commitment to the STU continued despite the fact the sentenced imposed for the sexual assault conviction terminated.

Third, defendant did not file his second petition for PCR until March 26, 2015. The PCR court entered the order denying the relief he sought in his first petition on April 17, 2009. We affirmed that order in 2011 and the Court denied his petition for certification in 2012. Further, in his second petition, defendant does not assert the attorney who represented him on his first petition was ineffective.

Accordingly, because defendant does not meet any of the conditions in Rule 3:22-12(a)(2), the PCR court appropriately dismissed the second petition on the ground it was time-barred. See R. 3:22-4(b). In addition, the grounds for relief defendant asserts in his second petition are barred because he could have but did not raise them in his first one. R. 3:22-4(a)(1).

Defendant argues the ten-year term of imprisonment he served on his conviction for sexual assault was improperly extended when he was "sentenced" to the STU and, therefore, his commitment to the STU constitutes an illegal sentence. To overcome the time constraints in Rule 3:22-12(a)(2), defendant relies upon Rule 3:21-10(b)(5), which provides a defendant is not time-barred from challenging an illegal sentence. We agree Rule 3:21-10(b)(5) does provide that an order may be entered at any time correcting a

sentence not authorized by law, but defendant was not sentenced to the STU. He was civilly committed under the SVPA.

"[T]he [SVPA] is designed to protect the public from dangerous predators and to treat sex offenders who are, by definition, suffering from a mental abnormality." In re Civil Commitment of W.X.C., 204 N.J. 179, 188 (2010) (citing In re Civil Commitment of J.M.B., 395 N.J. Super. 69, 97, (App. Div. 2007)). "Individuals are civilly committed under the [SVPA] because they pose a danger to the public health and safety due to their behavior." In re Civil Commitment of J.H.M., 367 N.J. Super. 599, 610 (App. Div. 2003). The purposes of the SVPA are regulatory. W.X.C., 204 N.J. at 188.

"The SVPA is a civil statute . . . ." In re Commitment of J.M.B., 197 N.J. 563, 578 (2009). As our Supreme Court noted in W.X.C., "[a]s part of our review of the SVPA . . . we have specifically emphasized that our Legislature intended to create a civil, rather than a penal, statute." 204 N.J. 188. "[T]he SVPA is not part of the criminal code and it has been clearly determined that civil commitment under the SVPA is not punitive." J.M.B., 197 N.J. at 577 (citing State v. Bellamy, 178 N.J. 127, 138 (2003)). Here, defendant's commitment to the STU was and is not a sentence; the sentence on his conviction for sexual assault terminated in 2007 and was not extended by

virtue of being civilly committed. Defendant's contention he is serving an illegal sentence must be rejected. Accordingly, his second petition for PCR is time-barred.

Notwithstanding, we considered defendant's remaining arguments. We conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We merely note his principal contentions are either not supported by the SVPA or have been rejected by decisional authority. We cite just a few examples.

Defendant's claim the SVPA violates ex post facto laws and that the standard of proof in SVPA proceedings should be beyond a reasonable doubt was rejected by our Supreme Court in J.M.B., 197 N.J. at 578, 600-01. The SVPA has never required trial by jury. See J.H.M., 367 N.J. Super. at 606-07. The Court rejected a challenge the SVPA violated double jeopardy considerations. In re Commitment of W.Z., 173 N.J. 109, 133-34 (2002). In the matter In re Civil Commitment of T.J.N., 390 N.J. Super. 218, 225 (App. Div. 2007), we noted "commitment proceedings are not part of a 'criminal prosecution' giving rise to Confrontation Clause protection under the Sixth Amendment to the Federal Constitution or Article 1, para. 10 of the New Jersey Constitution."

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

12